IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; and CHARLES A. WHOBREY, as Trustee, <br><br> *Plaintiffs,* <br><br> v. <br><br> ALLIED AVIATION FUELING COMPANY OF ST. LOUIS, LLC f/k/a ALLIED AVIATION FUELING COMPANY OF ST. LOUIS, INC., a Delaware limited liability company, <br><br> *Defendant.* | Case No. 20-cv-3323 <br><br> Judge <br><br> Magistrate Judge |

## COMPLAINT

Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund and Charles A. Whobrey, one of its present trustees, for causes of action against Defendant, allege as follows:

## JURISDICTION AND VENUE

1. This is an action for collection of withdrawal liability, interest, and penalties incurred by an employer as a result of partial withdrawals from a multiemployer pension plan.

2. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. § 1001 *et seq.* This Court has jurisdiction over this action under sections 502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f) and 1451(c).

3. Venue lies in this Court under sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), in that the Central States, Southeast and Southwest Areas Pension Fund (the "Pension Fund") is administered at its principal place of business in Chicago, Illinois. Venue is also proper in this Court pursuant to the forum selection clause contained in the Pension Fund's Trust Agreement which designates this district as the appropriate forum for lawsuits to collect withdrawal liability.

## PARTIES

4. The Pension Fund is a multiemployer pension plan within the meaning of sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(37) and 1301(a)(3).

5. Plaintiff Charles A. Whobrey is a present trustee and fiduciary of the Pension Fund within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and the Pension Fund's Board of Trustees is the plan sponsor of the Pension Fund within the meaning of section 4001(a)(10) of ERISA, 29 U.S.C. § 1301(a)(10). The Board of Trustees administers the Pension Fund at 8647 West Higgins Road, Chicago, Illinois.

6. Pursuant to sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1), the Trustees, by and through their designated trustee Charles A. Whobrey, are authorized to bring this action on behalf of the Pension Fund, its participants, and its beneficiaries for the purpose of collecting withdrawal liability.

7. Defendant Allied Aviation Fueling Company of St. Louis, LLC f/k/a Allied Aviation Fueling Company of St. Louis, Inc. ("Allied St. Louis") is a limited liability company organized under the laws of the State of Delaware.

8. During relevant times, Allied St. Louis was bound by successive collective bargaining agreements with a certain local union affiliated with the International

Brotherhood of Teamsters under which Allied St. Louis was required to make contributions to the Pension Fund on behalf of certain of its employees.

## COUNT I
## PAST DUE 2015 PARTIAL WITHDRAWAL LIABILITY PAYMENTS

9. Plaintiffs hereby reallege and incorporate each and every allegation made in paragraphs 1 through 8 of this Complaint as though fully set forth herein.

10. As a result of a decline in Allied St. Louis' contributions to the Pension Fund, the Pension Fund determined that on December 31, 2015, Allied St. Louis effected a "partial withdrawal" from the Pension Fund as defined in section 4205(a)(1) of ERISA, 29 U.S.C. § 1385(a)(1) (the "2015 Partial Withdrawal").

11. As a result of the 2015 Partial Withdrawal, on or about February 20, 2018, Allied St. Louis, through its president, Robert L. Rose, received a notice and demand for payment of Assessment Number 0181818-WL180001-01 issued by the Pension Fund in accordance with 29 U.S.C. §§ 1382(2) and 1399(b)(1).

12. In the Notice and Demand referred to in paragraph 11, the Pension Fund notified Allied St. Louis that the liability was required to be discharged in a lump sum of $13,463,842.15 or in monthly payments of $55,997.95, with the first monthly payment due on or before March 1, 2018, and the final monthly payment due on or before February 1, 2038 (the "2015 Partial Withdrawal Liability").

13. The Pension Fund received 25 monthly payments ($1,404,267.03 in total, representing the required monthly payments for the period of March 2018 through March 2020 plus interest paid on late payments) on account of the 2015 Partial Withdrawal Liability, but neither Allied St. Louis nor any other entity has remitted any of the required payments due on or after April 1, 2020.

14. On or about November 10, 2018, non-party Allied Aviation Holdings, Inc. initiated arbitration to challenge the 2015 Partial Withdrawal Liability pursuant to section 4221(a) of ERISA, 29 U.S.C. § 1401(a).

15. Pursuant to sections 4219(c)(2) and 4221(d) of ERISA, 29 U.S.C. §§ 1399(c)(2) and 1401(d), withdrawal liability payments must be made in accordance with the schedule set forth by the plan sponsor notwithstanding any request for review or demand for arbitration.

16. Allied St. Louis is liable to the Pension Fund for the past due 2015 Partial Withdrawal Liability payments.

**WHEREFORE**, Plaintiffs request the following relief:

(a) A judgment against Defendant, Allied Aviation Fueling Company of St. Louis, LLC, and in favor of Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund and Charles A. Whobrey, as Trustee, pursuant to sections 502(g)(2) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1451(b), for:

    (i) all past due 2015 Partial Withdrawal Liability payments as of the date of judgment;

    (ii) interest computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged;

    (iii) an amount equal to the greater of interest on the past due 2015 Partial Withdrawal Liability payments or liquidated damages of 20% of the past due 2015 Partial Withdrawal Liability payments; and

  (iv) attorneys' fees and costs.

 (b) An order compelling Allied Aviation Fueling Company of St. Louis, LLC to make its future 2015 Partial Withdrawal Liability payments in accordance with the payment schedule determined by the Pension Fund;

 (c) Post-judgment interest computed and charged on the entire judgment at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged, compounded annually; and

 (d) Such further or different relief as this Court may deem proper and just.

## COUNT II
## PAST DUE 2016 PARTIAL WITHDRAWAL LIABILITY PAYMENTS

17. Plaintiffs hereby reallege and incorporate each and every allegation made in paragraphs 1 through 8 of this Complaint as though fully set forth herein.

18. As a result of a decline in Allied St. Louis' contributions to the Pension Fund, the Pension Fund determined that on December 31, 2016, Allied St. Louis effected a "partial withdrawal" from the Pension Fund as defined in section 4205(a)(1) of ERISA, 29 U.S.C. § 1385(a)(1) (the "2016 Partial Withdrawal").

19. As a result of the 2016 Partial Withdrawal, on or about February 20, 2018, Allied St. Louis, through its president, Robert L. Rose, received a notice and demand for payment of Assessment Number 0181818-WL180001-02 issued by the Pension Fund in accordance with 29 U.S.C. §§ 1382(2) and 1399(b)(1).

20. In the notice and demand referred to in paragraph 19, the Pension Fund notified Allied St. Louis that the liability was required to discharged in a lump sum of $11,439,551.83 or in monthly payments of $48,573.91, with the first monthly payment

due on or before March 1, 2018, and the final monthly payment due on or before February 1, 2038 (the "2016 Partial Withdrawal Liability").

21. The Pension Fund received 25 monthly payments ($1,215,977.00 in total, representing the required monthly payments for the period of March 2018 through March 2020 plus interest paid on late payments) on account of the 2016 Partial Withdrawal Liability, but neither Allied St. Louis nor any other entity has remitted any of the required payments due on or after April 1, 2020.

22. On or about November 10, 2018, non-party Allied Aviation Holdings, Inc. initiated arbitration to challenge the 2016 Partial Withdrawal Liability pursuant to section 4221(a) of ERISA, 29 U.S.C. § 1401(a).

23. Pursuant to sections 4219(c)(2) and 4221(d) of ERISA, 29 U.S.C. §§ 1399(c)(2) and 1401(d), withdrawal liability payments must be made in accordance with the schedule set forth by the plan sponsor notwithstanding any request for review or demand for arbitration.

24. Allied St. Louis is liable to the Pension Fund for the past due 2016 Partial Withdrawal Liability payments.

**WHEREFORE**, Plaintiffs request the following relief:

(a) A judgment against Defendant, Allied Aviation Fueling Company of St. Louis, LLC, and in favor of Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund and Charles A. Whobrey, as Trustee, pursuant to sections 502(g)(2) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1451(b), for:

    (i) all past due 2016 Partial Withdrawal Liability payments as of the date of judgment;

  (ii) interest computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged;

  (iii) an amount equal to the greater of interest on the past due 2016 Partial Withdrawal Liability payments or liquidated damages of 20% of the past due 2016 Partial Withdrawal Liability payments; and

  (iv) attorneys' fees and costs.

(b) An order compelling Allied Aviation Fueling Company of St. Louis, LLC to make its future 2016 Partial Withdrawal Liability payments in accordance with the payment schedule determined by the Pension Fund;

(c) Post-judgment interest computed and charged on the entire judgment at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged, compounded annually; and

(d) Such further or different relief as this Court may deem proper and just.

## COUNT III
## PAST DUE 2017 PARTIAL WITHDRAWAL LIABILITY PAYMENTS

25. Plaintiffs hereby reallege and incorporate each and every allegation made in paragraphs 1 through 8 of this Complaint as though fully set forth herein.

26. As a result of a decline in Allied St. Louis' contributions to the Pension Fund, the Pension Fund determined that on December 31, 2017, Allied St. Louis effected a "partial withdrawal" from the Pension Fund as defined in section 4205(a)(1) of ERISA, 29 U.S.C. § 1385(a)(1) (the "2017 Partial Withdrawal").

27. As a result of the 2017 Partial Withdrawal, on or about March 15, 2019, Allied St. Louis, through its president, Robert L. Rose, received a notice and demand for payment of Assessment Number 0181818-WL190009-01 issued by the Pension Fund in accordance with 29 U.S.C. §§ 1382(2) and 1399(b)(1).

28. In the notice and demand referred to in paragraph 27, the Pension Fund notified Allied St. Louis that the liability was required to be discharged in a lump sum of $8,082,941.34 or in monthly payments of $39,170.38, with the first monthly payment due on or April 1, 2019, and the final monthly payment due on or before March 1, 2039 (the "2017 Partial Withdrawal Liability").

29. The Pension Fund received 12 monthly payments ($470,044.56 in total, representing the required monthly payments for the period of April 2019 through March 2020) on account of the 2017 Partial Withdrawal Liability, but neither Allied St. Louis nor any other entity has remitted any of the required payments due on or after April 1, 2020.

30. By letter to the Pension Fund dated June 7, 2019, Allied St. Louis, through counsel, requested review of the 2017 Partial Withdrawal Liability pursuant to section 4219(b)(2) of ERISA, 29 U.S.C. § 1399(b)(2).

31. Pursuant to sections 4219(c)(2) and 4221(d) of ERISA, 29 U.S.C. §§ 1399(c)(2) and 1401(d), withdrawal liability payments must be made in accordance with the schedule set forth by the plan sponsor notwithstanding any request for review or demand for arbitration.

32. Allied St. Louis is liable to the Pension Fund for the past due 2017 Partial Withdrawal Liability payments.

**WHEREFORE**, Plaintiffs request the following relief:

(a) A judgment against Defendant, Allied Aviation Fueling Company of St. Louis, LLC, and in favor of Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund and Charles A. Whobrey, as Trustee, pursuant to sections 502(g)(2) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1451(b), for:

    (i) all past due 2017 Partial Withdrawal Liability payments as of the date of judgment;

    (ii) interest computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged;

    (iii) an amount equal to the greater of interest on the past due 2017 Partial Withdrawal Liability payments or liquidated damages of 20% of the past due 2017 Partial Withdrawal Liability payments; and

    (iv) attorneys' fees and costs.

(b) An order compelling Allied Aviation Fueling Company of St. Louis, LLC to make its future 2017 Partial Withdrawal Liability payments in accordance with the payment schedule determined by the Pension Fund;

(c) Post-judgment interest computed and charged on the entire judgment at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged, compounded annually; and

      (d)      Such further or different relief as this Court may deem proper and just.

    Respectfully submitted,

*/s/ Brandon A. Buyers*
Brandon A. Buyers (ARDC # 6312454)
CENTRAL STATES FUNDS
Law Department
8647 West Higgins Road, 8th Floor
Chicago, Illinois 60631
(847) 939-2464
bbuyers@centralstatesfunds.org

June 5, 2020                            ATTORNEY FOR PLAINTIFFS